**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **GREGORY D. WATKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 20-0505-WS-MU** |
| | ) |
| **ANGELS TRUCKING SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This recently removed matter comes before the Court on plaintiff's Motion to Remand
(doc. 3).  The Motion has been briefed and is now ripe.

**I.      Background.**

This action arises out of an automobile accident that occurred on May 26, 2020.  In a
barebones Complaint filed in the Circuit Court of Conecuh County, Alabama on September 15,
2020, plaintiff, Gregory D. Watkins, by and through counsel, asserted a single state-law claim of
negligence against defendant, Angels Trucking Services, LLC, based exclusively on the
following well-pleaded allegations:

> "On or about the 26th day of May, 2020, upon a public highway US-84 in
> Evergreen, Conecuh County, Alabama, the defendant, through its agent or
> employee driver, negligently caused a motor vehicle to collide with a motor
> vehicle occupied by the plaintiff.  As a proximate consequence of the defendant's
> said negligence, the plaintiff was injured.  Wherefore, plaintiff demands judgment
> against defendant for general damages, and costs pursuant to Rule 54."

(Doc. 1-2, PageID.11.)  No other facts of any kind are set forth in the Complaint, nor is there any
other *ad damnum* clause or statement itemizing, quantifying or in any elaborating on Watkins'
injuries or the damages he seeks.

On October 14, 2020, Angels Trucking filed a Notice of Removal (doc. 1) removing this
action to this District Court.  To show the existence of federal subject matter jurisdiction, Angels
Trucking invoked the diversity jurisdiction provisions of 28 U.S.C. § 1332.  In particular,
defendant maintained that (i) the diversity-of-citizenship requirement is satisfied because
Watkins is an Alabama citizen, whereas Angels Trucking "is a Texas Limited Liability

Company" (doc. 1, PageID.2, ¶ 3); and (ii) the amount-in-controversy requirement is satisfied because "the clear wording of the Complaint, along with the cause of action claimed, establish that the amount in controversy exceeds $75,000, exclusive of interest and costs" (*id.*, ¶ 6).  To support the latter point, Angels Trucking submitted and relied on the Alabama Uniform Traffic Crash Report for the subject accident, and particularly the portions reflecting that Watkins "was entrapped and had to be extricated by Evergreen Fire and Rescue" and that Watkins was transported to Monroe County Hospital by Conecuh EMS after the crash.  (Doc. 1-3, PageID.14.)

Plaintiff now moves to remand the case to state court because "[t]he removal petition does not establish diversity jurisdiction."  (Doc. 3, PageID.44.)  Defendant has filed a Response (doc. 6) in opposition to the Motion to Remand.

**II.   Analysis.**

Under § 1332, federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11ᵗʰ Cir. 2000) (citations omitted).  Moreover, "[i]t is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case."  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11ᵗʰ Cir. 2017).  The Court has serious reservations about both the diversity-of-citizenship requirement and the amount-in-controversy requirement as applied to this case.

For starters, it is unclear from defendant's filings whether the complete diversity component of § 1332 is met here.  As pleaded in the Complaint and acknowledged in the Notice of Removal, Angels Trucking is an LLC.  Under Eleventh Circuit precedent, for diversity of citizenship purposes, an unincorporated association (such as an LLC) is a citizen of any state of which any member of the entity is a citizen.  *See, e.g., Osting-Schwinn*, 613 F.3d at 1086 (recognizing that, in contrast to corporations, "unincorporated associations do not themselves

have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Thus, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity, "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022; *see also Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company.") (citation omitted). The Notice of Removal is silent as to the citizenship of Angels Trucking's member(s), and is therefore inadequate to demonstrate diversity jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1092-93 (reversing and remanding case where district court had not required unincorporated association to plead citizenship of all of its members in order to establish subject matter jurisdiction). Of course, it is Angel Trucking's burden (as the party invoking federal jurisdiction) to demonstrate the citizenship of all parties, and thus the presence of complete diversity. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence."); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) ("Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity.") (citation omitted). At present, Angels Trucking has not satisfied this threshold burden, but has simply made the unhelpful representation that it is a Texas Limited Liability Company.

Even assuming that no members of Angels Trucking are Alabama citizens (and, thus, that there is complete diversity of citizenship), defendant's bid for establishing § 1332 jurisdiction would falter as to the amount-in-controversy element. As the removing party, Angels Trucking bears the burden of showing by a preponderance of the evidence that the amount-in-controversy threshold is satisfied. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). That said, a removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza*

*II, Inc.*, 608 F.3d 744, 754 (11ᵗʰ Cir. 2010). Rather, Angels Trucking may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11ᵗʰ Cir. 2010) (citations omitted). What a defendant may not do, however, is resort to "conjecture, speculation, or star gazing" to show that the jurisdictional threshold is satisfied. *Pretka*, 608 F.3d at 754. In evaluating the sufficiency of a removing defendant's jurisdictional showing, courts need not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

Defendant's amount-in-controversy showing is precisely the sort of amorphous exercise in conjecture, speculation and stargazing that the Eleventh Circuit has deemed inadequate to establish diversity jurisdiction. The record is devoid of any evidence of the nature, extent and severity of Watkins' injuries arising from the automobile accident. There is no indication of how much pain and suffering he sustained, if any. There is no basis for making even a guess as to whether he has received ongoing medical treatment, whether he is or was impaired, limited or disfigured in any way as a result of the accident, whether he has experienced lost wages, and so on. Literally the only facts presented by Angels Trucking to show the amount in controversy are that (i) there was an automobile accident involving Watkins, (ii) Watkins was entrapped and had to be extricated from his vehicle, and (iii) "[i]t is also believed that Plaintiff was taken from the scene by ambulance to a hospital." (Doc. 1, PageID.2-3, ¶ 6.) None of these facts, individually or collectively, enable the Court to make any meaningful determination as to whether the case stated in Watkins' Complaint meets federal jurisdictional requirements. Of course, courts may use judicial experience and common sense in determining whether the minimum amount in controversy is satisfied. But Angels Trucking has supplied virtually no helpful facts to which that judicial experience and common sense may be applied. As a result, any determination by this Court that Watkins' injuries are sufficiently serious to trigger § 1332's amount-in-controversy threshold would be speculative and improper.[1]

---

[1]  Watkins' Complaint is similar to that in *Cox v. Auto Owners Ins. Co.*, 2017 WL 4453334 (M.D. Ala. Oct. 5, 2017). In that case, which also involved an automobile accident, the
(Continued)

It is no answer to argue, as defendant does, that "had Plaintiff truly wanted to unequivocally defeat diversity jurisdiction, he could have expressly stated that the Plaintiff is not seeking an amount for damages in excess of $75,000.00.  However, that was not done. … Surely this Court cannot be so easily manipulated."  (Doc. 6, PageID.55.)  As a matter of well-settled law in this Circuit, a plaintiff in Watkins' position is not required to "unequivocally defeat diversity jurisdiction," and a mere absence of a stipulation to amount in controversy "does not suffice to meet defendants' burden of proving that the requisite amount in controversy is satisfied here to support § 1332 jurisdiction." *Thompson v. Ortensie*, 2017 WL 4772741, *3 (S.D. Ala. Oct. 23, 2017); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000.  There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue.").[2]

Nor does Angels Trucking advance its cause by protesting that Watkins had previously filed an iteration of this Complaint in state court, but with the material difference that he had also

court observed that the complaint lacked "any allegations from which one could draw any reasonable inference regarding the extent of damages.  For example, it is not possible to discern from the complaint the extent of damages to Cox's vehicle.  Similarly, the extent of Cox's physical injuries is left entirely to speculation.  It is impossible to determine from the face of the complaint exactly what those damages encompass."  *Id.* at *2.  The *Cox* court concluded that "[d]ue to the lack of any factual detail in the complaint indicating the extent of damages at issue, the court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum."  *Id.* at *3.  The same conclusion is warranted here.

[2]      *See also Cox*, 2017 WL 4453334, at *3 ("The mere fact that Cox has declined to stipulate to less than $75,000.00 in damages is insufficient for the court to conclude that it is more likely than not that his damages exceed that amount."); *Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775, *5 (S.D. Ala. June 29, 2016) (opining that defendant's emphasis on plaintiffs' failure to stipulate to damages below $75,000 was "misplaced" because irrespective of "[w]hether Plaintiffs stipulate, the burden of establishing the propriety of removal rests with Defendant"); *Cottrell v. Blue Valley Apartments, Inc.*, 2015 WL 4635414, *4 (M.D. Ala. Aug. 3, 2015) ("The Eleventh Circuit … has squarely rejected the proposition that the plaintiff's refusal to stipulate to damages establishes the amount in controversy."); *Hopkkins v. Eastman Outdoors, Inc.*, 2014 WL 5107022, *2 (S.D. Ga. Oct. 10, 2014) ("As a preliminary matter, a plaintiff's refusal to stipulate that the total value of his damages is less than $75,000.00, by itself, is inadequate to prove the amount in controversy.").

asserted a wantonness claim, which could make punitive damages available.  When Angels Trucking removed the previous lawsuit to federal court, Watkins filed a Notice of Dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P., as was his absolute right, then refiled the action shortly thereafter in Conecuh County Circuit Court minus the wantonness claim, presumably to frustrate (or at least complicate) subsequent removal attempts by Angels Trucking.  Nothing in that course of action is procedurally improper; to the contrary, it is authorized by the Federal Rules of Civil Procedure.  While defendant may wish that the Complaint had retained a wantonness claim to bolster defendant's removal position, it is a bedrock principle that "plaintiffs are the master of the complaint and are free to avoid federal jurisdiction." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (citation and internal quotation marks omitted).  That is precisely what Watkins has done here.  To the extent that Angels Trucking ascribes manipulation or malfeasance to plaintiff's conduct in this sequence of events, that argument is misguided.

## III.    Conclusion.

In short, Angels Trucking has failed to meet its burden of showing that the § 1332 amount-in-controversy requirement is satisfied.  It is not facially apparent from Watkins' Complaint that the amount in controversy exceeds $75,000.  Moreover, defendant has identified no additional evidence demonstrating that removal is proper.  On this record, defendant has not demonstrated that it is more likely than not that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  Accordingly, and in light of the legal requirements that diversity jurisdiction be strictly construed and that all doubts be resolved in favor of remand, the Court finds that removal was improvident.  This action is **REMANDED** to the Circuit Court of Conecuh County, Alabama for want of federal jurisdiction.[3]

DONE and ORDERED this 2nd day of December, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]    As a fallback position, Angels Trucking requests an opportunity to take discovery on plaintiff's damages while the case remains in federal court and to supplement its jurisdictional showing thereafter.  Simply put, "[t]his is not permitted." *Accelerated Technology Services Group, LLC v. AT&T Corp.*, 2020 WL 4018281, *2 (S.D. Ala. July 16, 2020) (collecting authorities).